AO 245B   Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons   Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>HUGO BETANCUR | STATEMENT OF REASONS<br><br>Case Number: **1: 00CR10215-001REK**<br><br>Bernard Grossberg, Esq.<br>Defendant's Attorney |

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☒ The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

1. The proposed 5G1.3 adjustment is denied, as recommended by the Probation Office. The Florida conduct was relevant conduct. It had nothing to do with changing the offense level in this case.
a. Defendant's position as to lower drug weight is overruled because I credit the point that even the lowest of Guerra's estimates exceeds the 150 kilo threshold. b. I take into account admissions of very substantial drug dealings in defendant's own testimony, even though I recognize the compelling circumstances that affected defendant's conduct when he was very young and was under the influence of close relatives he trusted.

☒ See Continuation Page

**Guideline Range Determined by the Court:**

| | | | | |
|---|---|---|---|---|
| Total Offense Level: | 39 | | | |
| Criminal History Category: | I | | | |
| Imprisonment Range: | 262 | to | 327 | months |
| Supervised Release Range: | 5 | to | 5 | years |
| Fine Range: | $ $25,000.00 | to | $ $4,000,000.00 | |

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 00-00-72
Defendant's USM No.: 61755-004

Defendant's Residence Address:
Plymouth County House of Correction
26 Long Pond Road
Plymouth, MA

03/18/04
Date of Imposition of Judgment

*Robert E Keeton* (signature)
Signature of Judicial Officer

The Honorable Robert E. Keeton
Senior Judge, U.S. District Court
Name and Title of Judicial Officer

03/23/04
Date

Defendant's Mailing Address:
Same

AO 245B     Judgment in a Criminal Case - D. Massachusetts
            Statement of Reasons - Sheet 2

Statement of Reasons - Page __2__ of __4__

DEFENDANT: HUGO BETANCUR
CASE NUMBER: 1: 00CR10215-001REK

## STATEMENT OF REASONS

[X] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:   $ _____

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B   Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 3

Statement of Reasons - Page 3 of 4

DEFENDANT:   HUGO BETANCUR
CASE NUMBER:   1:   00CR10215-001REK

## STATEMENT OF REASONS

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of a defendant's substantial assistance, or

☐ for the following specific reason(s):

☐ See Continuation Page

AO 245B   Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 4

| | Statement of Reasons - Page 4 of 4 |
|---|---|
| DEFENDANT:   HUGO BETANCUR | |
| CASE NUMBER:   1:  00CR10215-001REK | |

## ADDITIONAL FINDINGS AND GUIDELINES APPLICATIONS EXCEPTION

2. I find that the November 1, 1998 Guidelines Book is more favorable to the defendant than later books, and therefore I have applied it in my decisionmaking.3. Application Note 4 to 3E1.1 says that "obstructing justice ordinarily indicates that the defendant has not accepted responsibility. There may, however, be extraordinary cases in which adjustments under both 3C1.1 and 3E1.1 may apply." I find that this is such an extraordinary case, and I do make both adjustments in this case.4. I conclude that in the factual circumstances of this case I do not have authority to make a downward departure even though I do find that extraordinary circumstances exist because of death threats to the defendant, his son, and his wife. I find that it is almost certain that these threats will continue throughout the lifetime of each. But I also conclude that the applicable law (including statutory provisions, relevant Guideline provisions, and relevant precedents) do not support a finding that these circumstances are beyond those considered by the Sentencing Commission and declared not to be a basis for downward departure.5. I declare explicitly that if I had authority to do so I would downward depart 5 levels, from 39 to 34, and sentence to 151 months (low end of 151-188 range) because of the harsh consequences for the defendant, his son, and his wife. I make this explicit declaration so that it may be taken into account if defense counsel persuades a higher court

## ADDITIONAL REASONS FOR DEPARTURE FROM THE GUIDELINE RANGE

that my determination of lack of authority to downward depart in this case was error. (continued from above paragraph).

Consequences of this sentence for the defendant, his son, and his wife are extraordinarily severe. Sentence at the low end is appropriate in these circumstances.