UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 00-10215-DPW |
| | ) | |
| HUGO BETANCUR | ) | |

UNITED STATES' RESPONSE TO DEFENDANTS RE-SENTENCING MEMO

The United States respectfully submits this response to the defendant's resentencing memo and urges the Court to sentence the defendant to 262 months, the low end of the applicable guidelines range. It is the government's position that the issue on remand is solely the Booker one, that is, imposition of a reasonable sentence in light of the now advisory nature of the guidelines. That is so because the district court's belief that it was constrained by the mandatory guidelines from imposing the sentence the district court thought appropriate was the only issue advanced in the defendant's motion for summary disposition in the First Circuit Court of Appeal, which was assented to by the government. United States v. Rowe, 268 F.3d 34, 40 (1st Cir. 2001)("Explicit findings pertinent to sentencing, which are 'unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, become []law of the case for future stages of the same litigation.' United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993); accord United States v. Ticchiarelli, 171 F.3d 24, 28 (1st Cir. 1999).") Therefore, the government contends that the applicable guidelines range is as calculated by Judge Keeton, that is: Total Offense Level 39, Criminal History I, for a range of 262 to 327 months. Just as the government is not seeking to relitigate whether the Court should have given the defendant a

four-level increase for role and denied him an acceptance of responsibility reduction[1], this Court should not revisit the issue of whether the defendant should have been awarded a two-level enhancement for obstruction of justice at the prior sentencing.  (The defendant no longer contests the drug weight or the role enhancement.)    That said, however,     the government believes that the defendant is entitled to be credited for the time spent in custody in Florida pursuant to USSG §5G1.3(b).  It is clear from reading the transcript of the previous sentencing that Judge Keeton used the 2003 guidelines manual to determine that this provision was inapplicable, but later in the sentencing, in determining whether to award three points for acceptance of responsibility, applied the 1998 book as being more favorable to the defendant. [Sent. 37].  Under the "one book" rule of USSG 1B1.11(b)(2), the 1998 manual should have been used in considering the applicability of 5G1.3 as well.[2]

---

[1] At the original sentencing, the government advocated for a Total Offense Level of 44 and a sentence of life.

[2] The 1998 version of USSG §5G1.3(b) provided:

> If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

In an amendment effective November 1, 2003, this section was changed to the following:

> If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> > (1)    the court shall adjust the sentence for any period of imprisonment

Conclusion

Therefore, the government urges the Court to reject the defendant's attempt to re-open the obstruction of justice issue and requests the Court to impose a sentence of 262 months.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:   /s/ Sandra S. Bower
       SANDRA S. BOWER
       Assistant U.S. Attorney
       U. S. Attorney's Office
       John Joseph Moakley
       United States Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA  02210

Dated: 9-13-06

---

    already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2)   the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Although the Florida conduct was relevant conduct, it did not increase the offense level and so the 2003 amendment rendered this provision inapplicable.