UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,      )
    Plaintiff,             )
                           ) CRIMINAL NO. 00-10215-DPW
                           )
HUGO BETANCUR,              )
    Defendant.             )


MEMORANDUM
July 2, 2007


I understand a question has been raised within the Bureau of Prisons about whether the judgment in this case, which provides that "CREDIT [should be recognized] FOR TIME SERVED TO DATE IN THIS CASE & IN THE FL[orida] CASE UNDER WHICH HE WAS HELD ON A DETAINER PENDING THIS SENTENCING BECAUSE THE COCAINE IN FL[orida] CASE WAS FULLY TAKEN INTO ACCOUNT IN THE DETERMINATION OF THIS OFFICE LEVEL" means what it says.  It does.

I intended that the defendant receive credit for the time he previously served with respect to the relevant conduct for which his sentence was imposed in this case.  That time included not only the period the defendant has been formally held in federal custody for this case but also the roughly 15 months from March 22, 1999 to June 29, 2000, the defendant was held in Florida state custody for charges regarding a quantity of cocaine, the

weight of which was considered by me in finding the relevant

conduct as the foundation of the calculation of his offense level

before me under the Sentencing Guidelines.  This was the position

taken by the prosecution branch of the Department of Justice at

sentencing through its resentencing memorandum, which reported

that "the government believes that the defendant is entitled to

be credited for the time spent in Custody in Florida."  That is

the position the Judgment in this case advised should be

implemented by the incarcerating branch of the Department of

Justice.


/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE